IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLIE SCHULTZ, both individually and derivatively on behalf of BABY GIZMO COMPANY, | ) ) ) | |
| | ) | |
| Plaintiffs | ) | Case:  08 CV 2061 |
| | ) | |
| v. | ) | Honorable Harry D. Leinenweber |
| | ) | |
| HEATHER MACLEAN and THOMAS NELSON, INC. | ) ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiffs, by their attorneys, state as follows as their Amended Complaint:

## JURISDICTION AND VENUE

1.      This lawsuit raises claims under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq*. the ("Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a) of Counts I and II and pendent jurisdiction of Counts III through VII, which allege claims under state law.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a) and 1391.

## THE PARTIES

3.      Plaintiff Hollie Schultz ("Schultz") is an individual residing within the state of Illinois and therefore is a Citizen of the State of Illinois.   Plaintiff, Baby Gizmo Company ("Gizmo Company") is an Illinois Corporation with its principal place of business located within

the State of Illinois and therefore is an Illinois Citizen.  Schultz owns 50% of Gizmo Company's

stock.

4.    Defendant Heather Maclean is an individual residing within the State of Illinois

and therefore is a Citizen of the State of Illinois.  Maclean owns 50% of Gizmo Company's

stock.

5.    Upon information and belief, Defendant Thomas Nelson, Inc. ("Nelson") is a

Tennessee corporation with its principal place of business in Tennessee.   Nelson is, therefore, a

Tennessee Corporation.  Nelson is the publisher of Maclean and Schultz's jointly created book as

alleged herein.

6.    Schultz brings this claim individually and on behalf of Gizmo Corporation.

Making a demand upon Gizmo Company to sue Maclean would be futile because:  (1) Gizmo

Company is deadlocked in its decision making; (2) Maclean would not authorize the company to

sue her; and (3) Maclean refuses to communicate with Schultz.

## GENERAL ALLEGATIONS OF FACT

7.    Gizmo Company was co-founded by Schultz and Maclean and they are equal

owners of the company's stock.  Schultz and Maclean are sisters.  Schultz acts as Gizmo

Company's President and Secretary and Maclean acts as its Vice President and Treasurer.

8.    Schultz and Maclean orally agreed to equally split all profits from their joint work

together, including all Gizmo Company profits.

9.    From the Internet site www.babygizmo.com (the "Internet Site"), Schultz and

Maclean (and many others) provide advice about purchasing products for children and pregnant

mothers.  Gizmo Company makes money by offering hyperlinks to thousands of baby products,

such as books and DVDs, health and safety products, toys and gifts, and many others.   When a

user of the Internet Site purchases a product, the retailer selling the product pays a referral fee to Gizmo Company.

**I.     Maclean Usurps The Gizmo Book Opportunity
        From The Gizmo Company And Schultz**

10.     Schultz and Maclean jointly wrote and co-authored a book called "The Baby Gizmo Buying Guide" (the "Gizmo Book").  The Gizmo Book is a 460 page book published in 2008 by Defendant Nelson and is already being sold in national retail stores (*i.e.,* Target, Barnes & Noble, and Amazon) and has been featured in many nationwide media outlets (*i.e.,* CBS's Early Show and Good Morning America).    Despite Schultz's extensive copyrightable contributions to the Gizmo Book, and her status as a joint author, Maclean has sought to independently license the Gizmo Book and has further represented and warranted in doing so "that [she] is the sole Author" and that the Gizmo Book does not "infringe upon any proprietary right at common law, and any statutory copyright or any other right whatsoever…".

11.     Gizmo Company money was used to develop and promote the Gizmo Book. Gizmo Company intellectual property (including commissioned artwork paid for by Gizmo Company) was included in the Gizmo Book.

12.     Maclean has asserted that Schultz and Gizmo Company are not entitled to publish or otherwise display the Gizmo Book and has claimed that she (Maclean) is the exclusive owner of the Gizmo Book.

13.     Through as late as early March 2008, Nelson explicitly recognized (in writing and orally) that Schultz was a "co-author" of the Gizmo book.  Beginning in late March 2008, however, Nelson asserted that Schultz was not a co-author or contributor to the Gizmo Book and refused to provide any information to Schultz about Gizmo Book financial performance.

Defendant Nelson has also asserted that no portion of the Gizmo Book may be reproduced without its prior permission, thus precluding Schultz and Gizmo Company's ability to benefit from their contributions to the Gizmo Book and their legal status as joint owners and authors of said book.

14.     Maclean has refused to split profits from the Gizmo Book with Schultz.

**II.      Despite Using Gizmo Company Assets To Promote Little Laureate; Maclean Has Usurped This Corporate Opportunity For Herself.**

15.     Maclean has attempted to usurp for herself--rather than presenting the opportunity to Gizmo Company or Schultz--the Little Laureate, which is a video CD program for young children.

16.     Little Laureate is an asset properly belonging to the Gizmo Company as Gizmo Company assets and opportunities have been extensively used to promote and develop Little Laureate. Here are just some examples:

(a)     Investors in Little Laureate have been sought based on the relationship between Baby Gizmo and Little Laureate. As just one example, at the time the Gizmo Book was published, a presentation was made to an investment group urging the creation of an "umbrella" company named "Laureate Omnimedia", with Little Laureate and Baby Gizmo as its two extension brands.

(b)     The Gizmo Web Site has, for years, advertised Little Laureate without charge.

(c)     The Gizmo Book has part of an entire chapter devoted to promoting Little Laureate.

(d)     Maclean has repeatedly used Gizmo Company media appearances to promote Little Laureate, such as during appearances on ABC/Chicago Morning News, Good Morning America and the CBS Early Show.

(e)     At the Gizmo Book's launch party in New York (paid for with Gizmo Company assets), Little Laureate videos were playing at the party, Little Laureate advertisements were included in the party's program and Little Laureate videos were handed out to attendants.

(f)     The cover of the Gizmo Book itself recognizes Little Laureate as a joint asset as it states the Gizmo Book is "From the Mom Editors of BabyGizmo.com and the Creators of the Award Winning Little Laureate Series."

**III.     Maclean Claims Exclusive Ownership Of "The Baby Gizmo Buying Guide" Trademark.**

17.     On March 26, 2008, Maclean filed for trademark protection with the United States Patent and Trademark Office for the "The Baby Gizmo Buying Guide" trademark.  (Serial # 77432230)  Rather than listing Gizmo Corporation (or Schultz) as the owner, Maclean listed herself as the exclusive owner.

**IV.     Maclean Misappropriates Money From The Gizmo Company And Schultz.**

18.     Maclean has misappropriated thousands of dollars from Gizmo Company's bank account and has refused to account for her uses of the money.

**COUNT I**
**CLAIM FOR DECLARATORY JUDGMENT OF**
**COPYRIGHT OWNERSHIP IN THE GIZMO BOOK PURSUANT TO 17 USC 201(a)**
(Against Maclean and Nelson)

19.     Plaintiffs incorporate paragraphs 1 through 18 as if fully set forth herein.

20.     Schultz and Maclean jointly created and wrote the Gizmo Book and are joint authors and co-owners in said book, all within the meaning of 17 USC 201(a).  Schultz created

original independently copyrightable contributions to the Gizmo Book--which is itself a copyrightable work. Upon information and belief, Maclean has independently filed for Copyright protection with the United States Copyright Office and has asserted copyright protection on the Copyright page of the Gizmo Book.  Pursuant to 17 USC 410(d), the date of the copyright is the date the application and fee is paid to the Copyright Office.

21.    Defendants Maclean and Nelson have disputed Schultz's contributions and legal status in the Gizmo Book as set forth herein.

22.    An actual controversy has arisen between the parties.  Nelson has asserted that it has the right to withhold from Schultz information about the Gizmo Book and claims the right to prohibit Schultz from reproducing any portion of the Gizmo Book.  On March 26, 2008 (the same day that Schultz was told by Nelson that Nelson did not consider her a coauthor of the book--despite previously recognizing that she was a "co-author"), Maclean threatened litigation against Schultz by claiming through her legal counsel that Schultz has engaged in a "flagrant and willful [sic] infringement and misappropriation of [Maclean's] copyright rights" and further asserted that Maclean "intends to hold [Schultz] accountable"…and "intends to seek appropriate redress" including seeking "injunctive" relief and damages.  Maclean demanded a response within two days.  On April 4, 2008, Maclean's legal counsel again threatened Plaintiffs and demanded that Schultz "immediately remove the infringing materials from the corporation's web site…" and further claimed that "[e]ach day that this infringing material is posted…will lead to more damages to our client for which you will be held responsible."  Schultz alleges to the contrary and specifically disputes Defendants' claims as asserted herein.

23.    An actual dispute has also arisen between Plaintiffs and Maclean in that Defendant Maclean has failed to account for profits in the Gizmo Book.

24.     Plaintiffs requests that the Court issue a declaratory judgment pursuant to 28 USC 2201 finding and decreeing that Schultz and Maclean are co-owners of the copyrights in their joint work (the Gizmo Book) within the meaning of 17 USC 201(a); and/or claiming that the Gizmo Book is the property of Gizmo Company.

## COUNT II
## CLAIM FOR DECLARATORY
## JUDGMENT PURSUANT TO 28 USC 2201 OF NON-INFINGEMENT

(Against Maclean)

25.     Plaintiffs incorporate paragraphs 1 through 24 as if fully set forth herein.

26.     An actual controversy has arisen between the Plaintiffs and Maclean.  Maclean, through her legal counsel, has repeatedly accused Schultz of infringing upon, *inter alia,* Maclean's copyright ownership and threatened to seek legal relief related thereto.  Maclean threatened litigation against Schultz by claiming through her legal counsel that Schultz has engaged in a "flagrant and wilful [sic] infringement and misappropriation of [Maclean's] copyright rights" and further asserted that Maclean "intends to hold [Schultz] accountable"…and "intends to seek appropriate redress" including seeking "injunctive" relief and damages. Maclean demanded a response within two days.  On April 4, 2008, Maclean's legal counsel again threatened Plaintiffs and demanded that Schultz "immediately remove the infringing materials from the corporation's web site…" and further claimed that "[e]ach day that this infringing material is posted…will lead to more damages to our client for which you will be held responsible."  Schultz alleges to the contrary and specifically disputes Maclean's claims as asserted herein.

27.     Plaintiffs contend that they are not infringing upon any copyright owned by Maclean.

28.      Plaintiffs request that the Court issue a declaratory judgment pursuant to 28 USC 2201 finding and decreeing that Plaintiffs are not infringing upon any allegedly Maclean owned intellectual property.

## COUNT III
## BREACH OF FIDUCIARY DUTY AND
## BREACH OF DUTY TO ACCOUNT
(Against Maclean)

26.      Plaintiffs incorporates paragraphs 1 through 25 as if fully set forth herein

27.      Maclean has a fiduciary duty to Schultz and Gizmo Company because they placed in her trust and confidence, and by virtue of Maclean's status as an officer and co-owner with Schultz of Gizmo Company, as joint venturers, as co-owners of a closely held corporation, and as sisters.

28.      Maclean has a continuing duty to account for any and all income she has received from commercial exploitation of Gizmo Company property, including the Gizmo Book and Little Laureate, and to not usurp for herself business opportunities of Gizmo Company.   That duty obliges Maclean to disclose all income that she has collected or expects to collect from such commercial exploitation.  Maclean owes a fiduciary duty to Plaintiff regarding accounting for and collection of such income.

29.      MacLean has breached her fiduciary duty to Plaintiffs by failing to account for and/or pay to Schultz and/or to Gizmo Company any portion of Maclean's share of the income from the commercial exploitation of jointly owned property and/or Gizmo Company property; by usurping corporate opportunities, including Little Laureate; and by misappropriating Gizmo Company assets, including its money, its business opportunities, and its intellectual property.

30.    Maclean's misconduct was intentional and malicious and has caused damage to Plaintiffs.

## COUNT IV
## BREACH OF CONTRACT
(Against Maclean)

31.    Plaintiff Schultz incorporates paragraphs 1 through 30 as if fully set forth herein.

32.    Schultz and Maclean orally agreed to equally split all profits from their joint work together, including all Gizmo Company profits.  This constitutes a legally valid and enforceable contract.

33.    Schultz has performed all requirements of her under the parties' agreement.

34.    Maclean has breached the parties' contract by failing to split profits and, accordingly, Schultz has been damaged.

## COUNT V
## QUANTUM MERUIT
(Against Maclean, In The Alternative)

35.    Plaintiffs incorporate paragraphs 1 through 34 as if fully set forth herein.

36.    Maclean has and shall continue to benefit from, *inter alia,* the value of the work, labor, capital, and services contributed by Plaintiffs to the creation of the Gizmo Book and Little Laureate.

37.    By reason thereof, pursuant to *quantum meruit,* Plaintiffs are entitled to the fair value of their contributions.

## COUNT VI
## CONVERSION
(Against Maclean)

38.    Plaintiffs incorporate paragraphs 1 through 37 as if fully set forth herein.

39.    Maclean has wrongfully exercised dominion and control over Plaintiffs' property as alleged herein.  Schultz has demanded the return of Plaintiffs' property, but the return has been refused.  Plaintiff has converted, *inter alia*,  Plaintiffs' money and the Gizmo Book.

40.    As a result, Plaintiff has been damaged.

## **Prayer For Relief**

WHEREFORE, Plaintiffs respectfully requests that there be a judgment be entered against Defendants, as follows:

A.    That Maclean and Nelson provide an accounting of Gizmo Book profits, sales, royalties, and projected sales;

B.    That Maclean pay and account to Plaintiffs for all benefits from her commercial exploitation of Plaintiffs' property rights as alleged herein and be ordered to pay to Plaintiff her share of the benefits from said commercial exploitation.

C.    That Maclean be ordered to pay to Plaintiffs all damages available to them under the law, including compensatory, attorney's fees and costs, and punitive damages.

D.    That the Court issue a declaratory judgment pursuant to 28 USC 2201 finding and decreeing that Schultz is a co-owner and co-author of the copyrights in the Gizmo Book within the meaning of 17 USC 201(a) and that Schultz is not prohibited from reproducing the Gizmo Book.

E.    For such other relief as the Court deems appropriate.

## **JURY DEMAND**

Plaintiffs demand a jury trial on all issues triable by jury.

Dated: July 14, 2008

                                            Respectfully submitted,

                                            By:_____/s/ David Fish_____
                                                One of the Plaintiffs' Attorneys

David J. Fish
The Fish Law Firm, P.C.
1770 N. Park Street, Suite 200
Naperville, IL 60563
(630) 355-7590
www.fishlawfirm.com