IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLIE SCHULTZ, both individually and derivatively on behalf of BABY GIZMO COMPANY, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2061 |
| | ) | |
| HEATHER MACLEAN and THOMAS NELSON, INC., | ) ) | The Honorable Harry D. Leinenweber |
| | ) | Magistrate Judge Cox |
| Defendants. | ) | |

## HEATHER MACLEAN'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV P. 12(B)(1), (6) AND (9)

Defendant, HEATHER MACLEAN, by her attorneys, Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd., and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves to dismiss, in its entirety, the Amended Complaint filed by Plaintiff, HOLLIE SCHULTZ, both individually and derivatively on behalf of BABY GIZMO COMPANY, and states as follows:

## INTRODUCTORY STATEMENT

Plaintiff, HOLLIE SCHULTZ ("SCHULTZ"), and Defendant, HEATHER MACLEAN ("MACLEAN"), are sisters. As alleged by Plaintiff, SCHULTZ and MACLEAN are also equal owners of BABY GIZMO COMPANY, an Illinois corporation ("GIZMO CO."), which offers product-buying advice via an internet site. In this action, SCHULTZ alleges that MACLEAN has usurped corporate opportunities of GIZMO CO., breached fiduciary duties, misappropriated and/or converted funds and intellectual property, and breached a contract by failing to split profits. Also at issue in the Complaint is ownership rights to "The Baby Gizmo Buying Guide" (the "Gizmo Book") – a book published in 2008 by Defendant, THOMAS NELSON, INC. SCHULTZ claims to be a co-author of the Gizmo Book and complains that MACLEAN has refused to split profits

from the book with SCHULTZ and otherwise has asserted that Plaintiffs are not entitled to publish or display the Gizmo Book on GIZMO CO.'s website.

SCHULTZ filed her initial Complaint on April 11, 2008 which asserted the following causes of action: (1) declaratory judgment of copyright ownership; (2) declaratory judgment of non-infringement; (3) breach of fiduciary duty and duty to account; (4) breach of contract; (5) quantum meruit; (6) conversion; and (7) constructive trust/accounting. Count I purported to be brought under the Copyright Act. Count II purported to be brought pursuant to the Declaratory Judgment Act, 28 USC § 2201. The remaining claims are state common law claims, over which this Court purportedly has pendent jurisdiction. MACLEAN filed a Motion to Dismiss the original Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Code of Civil Procedure. Rather than respond to the Motion to Dismiss, SCHULTZ filed an Amended Complaint ("Am. Comp.") on July 15, 2008. The Amended Complaint eliminates Count 7 and alleges additional purported "facts" in an attempt to cure the deficiencies identified in the Motion to Dismiss.

As set forth below, these deficiencies have not been cured. As such, this matter should be dismissed for lack of subject matter jurisdiction or alternatively because the Amended Complaint fails to state any claims upon which relief can be granted. Furthermore, the Amended Complaint fails to name a necessary and indispensable party as a defendant – namely, GIZMO CO.

## ARGUMENT PURSUANT TO FED. R. CIV. P. 12(B)(1)

Subject matter jurisdiction of this action is solely premised upon the Copyright Act, 17 USC § 101, et seq., and the purported claim alleged in Count I pursuant to the Copyright Act. The initial Complaint was devoid of any assertion that a copyright has been registered with regard to the Gizmo Book. Indeed, the original Complaint did not even allege that the Gizmo Book is copyrightable. As such, MACLEAN moved to dismiss on the grounds that (1) there is no copyright of which

Plaintiff can claim to be a co-owner and (2) the registration of a copyright is a condition precedent to the right to bring a claim for copyright infringement. *See* 17 USC § 411(a).

SCHULTZ attempts to cure this deficiency by conclusorily declaring that the Gizmo Book is "a copyrightable work" and by alleging upon information and belief that MACLEAN has independently filed an application for copyright protection with the United States Copyright Office. *See* Am. Comp. at ¶ 20. SCHULTZ's allegations in this regard do not cure the deficiencies identified by MACLEAN and are clearly nothing more than a thinly veiled attempt to sneak SCHULTZ's claims into this forum. The Amended Complaint does not even attempt to describe the Gizmo Book so that an analysis can be made regarding whether the book is copyrightable. Not every book is copyrightable. Furthermore, SCHULTZ still fails to demonstrate that there is a copyright of which she can be declared an owner by this or any other Court.

Additionally, while it is true that federal courts have original and exclusive jurisdiction over cases arising under the Copyright Act, it is also true that "a case does not automatically fall within the jurisdiction of the federal courts simply because it concerns a copyright." *Reinhardt v. Wal-Mart Stores, Inc.*, 547 F.Supp.2d 346, 351(S.D.N.Y. 2008); *see also Jasper v. Bovina Music, Inc.*, 314 F.3d 42 (2nd Cir. 2002); *Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191 (7th Cir. 1987). Significantly, where the claim of ownership arises out of a purported contractual relationship, federal jurisdiction will not lie. 2008 WL 1781232 at *2.

At the heart of this case is a purported oral agreement between SCHULTZ and MACLEAN. SCHULTZ alleges in Paragraph 8 of the Amended Complaint that she and MACLEAN "orally agreed to equally split all profits from their joint work together . . . ." SCHULTZ further alleges that "Gizmo Company money was used to develop and promote the Gizmo Book" and that the "Gizmo Company is deadlocked in its decision making." *See* Am. Comp. at ¶¶ 6, 11. Questions regarding

whether SCHULTZ is a co-owner of the Gizmo Book or is entitled to profits from the Gizmo Book or is entitled to use or publish the Gizmo Book arise principally out of the business relationship between the Parties and the intentions of the Parties. This case is a business dispute between two partners – and sisters – arising as a result of unrealized expectations and jealousy. As such, this Court should decline to exercise jurisdiction over this action because the dispute over ownership of the purported copyright does not arise under the Copyright Act.

Furthermore, as set forth below, SCHULTZ fails to state a claim under the Copyright Act. Count II is brought pursuant to the Declaratory Judgment Act, but it is established that the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction. *See GNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995). Plaintiff's remaining claims are state common law claims. Thus, because Plaintiff has not stated a claim under the Copyright Act and because this Court does not have jurisdiction by virtue of any of the remaining claims, this action should be dismissed in its entirety for lack of jurisdiction.

## ARGUMENT PURSUANT TO FED. R. CIV. P 12(B)(6)

As set forth in Rule 8 of the Federal Rules of Civil Procedure, federal courts simply require notice pleading. However, "[e]ven the liberal notice pleading allowed by the federal rules requires the complaint to include the operative facts upon which a plaintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir. 1985). A plaintiff must allege "sufficient facts to outline the cause of action." *McBride v. Lindsay*, 718 F.Supp. 24, 26 (N.D.Ill. 1989). Furthermore, "the court is not required to accept legal conclusions either alleged or inferred from pleaded facts." *Id.* As set forth below, the Amended Complaint filed by SCHULTZ does not satisfy this liberal pleading standard.

4

## I.    The Amended Complaint Does Not Comply With Fed. R. Civ. P. 23.1

SCHULTZ purports to bring this action individually and derivatively on behalf of GIZMO CO.  The Amended Complaint, however, does not comply with the requirement of Rule 23.1(b) of the Federal Rules of Civil Procedure, that the complaint in such an action be verified. The Amended Complaint is, thus, subject to dismissal for this failure.

## II.    Plaintiff Fails Adequately To Allege That She Is A Co-Author Of The Gizmo Book.

In Count I of the Amended Complaint, SCHULTZ seeks a declaration that she is a "joint author" or co-author of the Gizmo Book such that she is a co-owner of the book within the meaning of 17 USC 201(a).  Section 201(a) of the Copyright Act provides that "the authors of a joint work are coowners of copyright in the work." 17 USC § 201.  Section 101 of the Copyright Act defines "joint work" as "a work prepared by two or more *authors* with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 USC § 101 (emphasis added). Thus, the plain language of the Copyright Act clearly demonstrates that SCHULTZ must allege and demonstrate the she is an author of the Gizmo Book.

It is well established that "author" is "the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Glovaroma, Inc. v. Maljack Productions, Inc.*, 71 F.Supp.2d 846, 850 (N.D.Ill. 1999). It has long been recognized that "[b]y definition, the party raising the joint-authorship claim (or defense) must be an 'author' of the copyrightable work." *Respect Incorporated v. Committee on the Status of Women d/b/a Project Respect*, 815 F.Supp. 1112, 1120 (N.D.Ill. 1993).  The purported joint-author must have contributed something "original" to the work.  *Id.*  Moreover, the contribution must be significant.  *See Seshadri v. Kasraian*, 130 F.3d 798, 803 (7th Cir. 1997).

Expounding upon the requirements of a claim of joint-authorship, it was established by the Seventh Circuit Court of Appeals in 1994 that in order to prevail on a claim of joint-authorship, a purported joint-author must establish (1) that there was an intent by all authors, but particularly by the dominant author, at the time of writing that the contributions of all authors would be merged into an integrated unit, and (2) that the co-author claimant's contributions to the work are independently copyrightable. *See Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061 (7th Cir. 1994); *see also Napoli v. Sears, Roebuck and Co.*, 858 F.Supp. 101, 103 (N.D.Ill. 1994) (recognizing that Seventh Circuit has adopted copyrightable subject matter test, which requires that in order to be joint work, each parties' contribution must represent original expression that could stand on its own as subject matter of copyright, and parties must have intended to be joint authors at time work was created); *JCW Investments, Inc. v. Novelty, Inc.*, 289 F.Supp.2d 1023, 1032 (N.D.Ill. 2003) (individuals can be coauthors if "they made objective expressions of a shared intent to be coauthors" and each individual's contribution is "independently copyrightable."); *Ahn v. Midway Mfg. Co.*, 965 F.Supp. 1134, 1139 (N.D.Ill. 1997) ("a collaborative contribution will not produce a joint work, and a contribution will not obtain a co-ownership interest, unless the contribution represents original expression that could stand on its own as the subject matter of copyright."). Collaboration alone is insufficient to create joint work. *Erickson*, 13 F.3d at 1068. "An author provides more than direction or ideas . . . [and] an important indicator of authorship is a contributor's decision-making authority over what changes are made and what is included in a work." *JCW*, 289 F.Supp.2d at 1031-32; *see also Aalmuhammed v. Lee*, 202 F.3d 1227, 1233-34 (9th Cir. 1999) (whether contributor exercised control over work is a factor in determining joint-authorship).

Thus, SCHULTZ must allege that she contributed "independently copyrightable" work product to the Gizmo Book and exercised control over the work, such that she can be considered an

"author" of the Gizmo Book, and that she and MACLEAN made objective manifestations of a shared intent to be coauthors at the time that the book was written. In her original Complaint, SCHULTZ merely baldly alleged that she and MACLEAN jointly wrote and co-authored the Gizmo Book. *See* Complaint at ¶ 10. In her Amended Complaint, SCHULTZ alleges that she made "extensive copyrightable contributions" and that she "created original independently copyrightable contributions to the Gizmo Book." *See* Am. Comp. at ¶¶ 10, 20. She otherwise declares her "status as a joint author." *See* Am. Comp. at ¶ 10. SCHULTZ, however, has not specifically alleged what original, creative contributions she purportedly made to the Gizmo Book. Further, the Amended Complaint continues to be deficient in that it fails to allege that SCHULTZ exercised any control over the Gizmo Book. Finally, as with the original Complaint, SCHULTZ has not alleged anything to demonstrate that there was an intent by MACLEAN *at the time of writing* the Gizmo Book that she and SCHULTZ would be joint authors.[1] As such, SCHULTZ has failed to state a claim in Count I for copyright ownership pursuant to the Copyright Act. *See e.g., Brown v. Flowers*, 196 Fed.Appx. 178, 181 (4th Cir. 2006) (finding that complaint fails under Rule 12(b)(6) to state a copyright claim in the joint-work context because it lacks even a single allegation that plaintiff made any creative, original, or expressive contribution to the song recordings at issue).

## III.    <u>Count II Of The Amended Complaint Fails To State A Claim For Declaratory Relief.</u>

Count II of the Amended Complaint is brought pursuant to the Declaratory Judgment Act and seeks a declaration of non-infringement. As an initial matter, it is again noteworthy that

---

[1]    Particularly problematic is the fact that SCHULTZ fails to allege any critical dates in her Amended Complaint, such as when the Gizmo Book was written, when the Little Laureate company was created, when the Little Laureate videos were created and released, when GIZMO CO. was incorporated, and when SCHULTZ and MACLEAN purportedly entered into an oral agreement to split all profits from GIZMO CO. What will be plainly evident when actual facts are presented, rather than just conclusions, is that SCHULTZ has no claims whatsoever with regard to the Gizmo Book or Little Laureate, and instead has embarked upon a bitter and vindictive course of conduct in an effort to extort money from her successful sibling.

Plaintiff has failed to allege the existence of a copyright. "The Declaratory Judgment Act is intended to allow a party 'who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side.'" *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993). It is well-established that to state a claim under the Declaratory Judgment Act, a plaintiff must demonstrate "a real and reasonable apprehension" that he will be subject to liability. *Thomas & Betts Corp. v. Panduit Corp.*, 48 F.Supp.2d 1088 (N.D.Ill. 1999); *Planet Hollywood (Region IV), Inc. v. Hollywood Casino Corp.*, 80 F.Supp.2d 815, 873 (N.D.Ill. 1999). In the context of claims involving patents or trademarks, a plaintiff must also demonstrate that he has engaged in a course of conduct which has brought him into adversarial conflict with the defendant. 80 F.Supp.2d at 873; 2006 WL 2794934 at *3. Given the similarity between copyrights, trademarks and patents, the same test should apply to claims seeking a declaration of non-infringement of a copyright.

The Amended Complaint does not allege what action(s) SCHULTZ has taken for which she seeks a declaration of non-infringement. The Complaint also does not allege a real and reasonable apprehension of liability arising from whatever actions are being taken by SCHULTZ for which she seeks protection. Significantly, SCHULTZ's claim that she is a co-owner or co-author of the Gizmo Book directly contradicts any claim that could be made by SCHULTZ that she had a reasonable apprehension of liability. It is established that a co-owner of a copyright may not be sued for infringement. *See Team Play, Inc. v. Boyer*, 391 F.Supp.2d 695, 705 (N.D.Ill. 2005); *see also Cambridge Literary Properties, Ltd. v. Goebel Porzellanfabrik GmbH & Co. KG*, 510 F.3d 77, 98 (1st Cir. 2007). SCHULTZ' unsupported assertion that there is an actual controversy between the parties is nothing more than a legal conclusion. Count II of the Amended Complaint fails to state

a claim for declaratory relief and should be dismissed. It is noted that SCHULTZ made no attempt in the Amended Complaint to cure this deficiency as it existed in the original Complaint.

**IV.    Count III Fails To State A Claim For Breach Of Fiduciary Duty.**

Count III of the Amended Complaint asserts a claim for breach of fiduciary duty and breach of duty to account. Paragraph 27 of the Complaint conclusorily declares five reasons why MACLEAN owed fiduciary duties to Plaintiff: (1) because Plaintiffs placed trust and confidence in MACLEAN; (2) by virtue of MACLEAN's status as an officer and co-owner of GIZMO CO.; (3) as a joint venturer;(4) as co-owner of a closely held corporation; and (5) because MACLEAN is SCHULTZ' sister. The Amended Complaint is wholly devoid of any allegations concerning the purported "trust and confidence" placed in MACLEAN by Plaintiffs. Indeed, aside from the bare conclusory allegations that MACLEAN owed a fiduciary duty to SCHULTZ, there are no allegations in the Complaint from which to determine the existence or scope of any purported fiduciary duty.

Count III generally alleges that MACLEAN breached a purported fiduciary duty by failing to account for or share profits from the "exploitation" of jointly owned or company owned property, by usurping corporate opportunities, and by misappropriating assets, including money, opportunities and intellectual property. The focuses of the claim appear to be that MACLEAN has not shared profits from the Gizmo Book and has usurped a corporate opportunity of GIZMO CO. by operating Little Laureate by herself. With regard to the first, as set forth above, SCHULTZ has not sufficiently alleged any ownership interest in the Gizmo Book. This failure also defeats SCHULTZ' apparent complaint regarding MACLEAN's action in filing individually for trademark protection.

With regard to the purported corporate opportunity usurped by MACLEAN, the Amended Complaint fails to demonstrate that the Little Laureate business constitutes a "corporate opportunity" of GIZMO CO. "A corporate opportunity exists when a proposed activity is reasonably incident to the corporation's present or prospective business and is one in which the corporation has the capacity to engage." *Lindenhurst Drugs, Inc. v. Becker*, 154 Ill.App.3d 61, 67, 506 N.E.2d 645 (2nd Dist. 1987). Further, "[i]n determining whether an officer may take advantage of a business opportunity in which a corporation is interested, courts consider whether the corporation had an interest, actual or in expectancy, in the opportunity, and whether the acquisition thereof by the officer would hinder or defeat plans and purposes of the corporation in carrying on or developing the legitimate business for which it was created." *Id.*

The Complaint alleges that GIZMO CO. is in the business of providing product buying advice via an internet site. *See* Am. Comp. at ¶ 9. The Little Laureate is briefly described as a "video CD program for young children." *See* Am. Comp. at ¶ 15. It is patently clear that the Little Laureate is not an activity that is reasonably incident to the GIZMO CO.'s business of offering product advice. The Amended Complaint is devoid of any allegations that GIZMO CO. had the capacity, financial or otherwise, to engage in the activity. It is not alleged that Little Laureate engages in the same line of business as GIZMO CO. or otherwise competes with GIZMO CO. SCHULTZ does not allege that GIZMO CO. had any interest or expectation regarding the Little Laureate business. The Amended Complaint does not allege or demonstrate that MACLEAN's purported usurpation of the Little Laureate opportunity hinders or defeats the legitimate business purpose for which GIZMO CO. was created – namely, the provision of product buying advice via the internet. Furthermore, SCHULTZ fails to allege any action on the part of MACLEAN that usurped any corporate opportunities of GIZMO CO.

10

The Amended Complaint does not otherwise establish that the Gizmo Book or Little Laureate business are assets of GIZMO CO. capable of misappropriation by MACLEAN. Furthermore, the Amended Complaint fails to demonstrate any basis for SCHULTZ's claims that she is entitled to share in profits from the Gizmo Book or Little Laureate. The Amended Complaint fails to specifically allege what intellectual property has allegedly been misappropriated by MACLEAN. The only remaining allegation is that MACLEAN has misappropriated thousands of dollars from GIZMO CO.'s bank account. The Amended Complaint, however, fails to provide any specific details regarding the amount, the account, or the date(s) of this purported misappropriation.

Because SCHULTZ fails to adequately allege the existence of a fiduciary relationship and fails to allege any breach of such relationship, Count III of the Amended Complaint should be dismissed. At a minimum, to the extent that the claim is premised upon the usurpation of a corporate opportunity in connection with the Little Laureate business, MACLEAN requests that this Court dismiss that aspect of the claim and strike all allegations concerning the Little Laureate business.

**V.**      **The Complaint Fails To Allege The Existence Of And Terms Of A Contract.**

Paragraph 32 of Count IV of the Amended Complaint declares that "Schultz and Maclean orally agreed to equally split all profits from their joint work together, including all Gizmo Company profits." SCHULTZ conclusorily declares that this constitutes a legally valid and enforceable contract and that she has fully performed under the purported contract. The Amended Complaint, however, supplies no details regarding the material terms of the purported contract or when the parties entered into the purported contract. Furthermore, the Amended Complaint contains no factual allegations regarding SCHULTZ' purported performance. Finally, it is unclear from the Amended Complaint what is the purported breach. Paragraph 34 asserts that "Maclean has breached the parties' contract by failing to split profits." It is unclear whether SCHULTZ is complaining

11

about profits from the Gizmo Book or general profits from the GIZMO CO.  These deficiencies existed in the original Complaint and were raised by MACLEAN in her original Motion to Dismiss, but SCHULTZ has made no effort to cure these deficiencies in the Amended Complaint.

"To plead a contract claim, a plaintiff must make allegations raising an inference that: (1) a contract with *definite and certain terms* existed between the parties; (2) the plaintiff performed its obligations under the contract; (3) the defendant breached its obligations under the contract; and (4) the plaintiff suffered damages as a result." *Hoopla Sports and Entertainment, Inc. v. Nike, Inc.*, 947 F.Supp. 347, 356 (N.D.Ill. 1996) (dismissing breach of contract claim for failure by claimant to plead the essential terms of the contract and to plead that it performed its own obligations under the contract).  "In order to properly plead breach of contract under Illinois law, initially, a plaintiff must allege facts that support a reasonable inference that a contract in fact existed between the plaintiff and defendant." *Cobb-Alvarez v. Union Pacific Corp.*, 962 F.Supp. 1049 (N.D.Ill. 1997).  The Complaint does nothing more than conclusorily declare that a contract exists between SCHULTZ and MACLEAN.  Although the pleading standard is low, "a complaint must set forth factual allegations that outline the essential elements of the claim, and legal conclusions lacking adequate support should not be considered."  *Hoopla*, 947 F.Supp. at 356.   Furthermore, SCHULTZ' bald assertion that she has performed all requirements of her under the parties's agreement, without any description of what she was obligated to do under the contract, is insufficient to satisfy the second element of the claim.  *Id.*  Accordingly, Count IV of the Amended Complaint must be dismissed for failure to state a claim.

## VI.     The Amended Complaint Fails To State A Claim For Quantum Meruit.

Count V asserts an alternative claim for quantum meruit.  Specifically, SCHULTZ asserts that she is entitled to fair compensation for the "value of work, labor, capital, and services

contributed by Plaintiffs to the creation of the Gizmo Book and Little Laureate." *See* Amended Complaint at ¶ 36.  In Illinois, "the elements of quantum meruit are that: (1) the plaintiff rendered services; (2) the defendant received the benefit of those services; and (3) the defendant's retention of those services without giving compensation in exchange will be unjust." *Ogdon v. Hoyt*, 409 F.Supp.2d 982, 990 (N.D.Ill. 2006).  Once again, the Amended Complaint is devoid of any allegations regarding the work, labor, capital or services contributed by SCHULTZ to either the Gizmo Book or the Little Laureate enterprise.  As such, the Amended Complaint does not state a claim for quantum meruit.

## VII.    The Amended Complaint Fails To State A Claim For Conversion.

Count VI of the Amended Complaint generically complains that "Maclean has wrongfully exercised dominion and control over Plaintiffs' property as alleged herein." *See* Am. Comp. at ¶ 39.  Paragraph 40 specifically references Plaintiffs' money and the Gizmo Book as the property that has allegedly been converted.  This appears to be the only substantive change made to Count VI.

"To prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson,* 184 Ill.2d 109, 114, 703 N.E.2d 67 (1998).  SCHULTZ's own allegations belie her claim for conversion such that Count VI fails to state a claim for which relief can be granted.

As an initial matter, SCHULTZ does not even allege that she has a right to the property that has allegedly been converted or an absolute and unconditional right to the immediate possession of such property.  Instead, the Amended Complaint includes allegations addressing only the third and fourth elements of the claim.  SCHULTZ, however, alleges, and thereby concedes, that she is the

co-owner with MACLEAN of GIZMO CO. and, allegedly, the Gizmo Book. As such, MACLEAN clearly would have the right to exercise dominion and control over property of which she is, at a minimum, a co-owner. Accordingly, even assuming that SCHULTZ can establish that she is a co-owner of the Gizmo Book, she cannot establish that MACLEAN has "wrongfully or without authorization" assumed dominion or control over the book. Similarly, as an officer and equal owner of GIZMO CO., MACLEAN has not and could not have exercised wrongful or unauthorized control over GIZMO CO.'s money.

To the extent that the Amended Complaint attempts to allege that it is GIZMO CO. that has an absolute and unconditional right to the Gizmo Book, the Amended Complaint is devoid of any allegation in this regard. Count I, which seeks a declaration of copyright ownership by SCHULTZ, alternatively requests a declaration that Gizmo Book is the property of GIZMO CO., but this is the extent of any assertion by SCHULTZ that the Gizmo Book is property belonging to GIZMO CO.

Although Paragraph 40 of the Amended Complaint only references money and the Gizmo Book as the allegedly converted property, the Amended Complaint alleges elsewhere a usurpation by MACLEAN of a corporate opportunity belonging to GIZMO CO. – namely, the Little Laureate entity. As set forth above, SCHULTZ fails to demonstrate how the Little Laureate constitutes an opportunity that properly belonged to GIZMO CO. Furthermore, SCHULTZ's own allegations demonstrate that Little Laureate existed before the Gizmo Book and before GIZMO CO. The Amended Complaint alleges, at most, that GIZMO CO. funds and resources were used to promote Little Laureate, but there is simply no authority from which to conclude that this grants GIZMO CO. or SCHULTZ a right to or interest in Little Laureate, let alone an absolute and unconditional right to immediate possession of Little Laureate.

Because the Amended Complaint fails to establish any property to which either Plaintiff has an absolute and unconditional right to immediate possession and which has been wrongfully taken by MACLEAN, Count VI must be dismissed.

### ARGUMENT PURSUANT TO FED. R. CIV. P. 12(B)(9)

Pursuant to Rule 12(b)(9) of the Federal Rules of Civil Procedure, dismissal of an action is proper where a complaint fails to join a necessary party as required by Rule 19. It is well established that a corporation is a necessary party to a derivative action. *Meyer v. Fleming*, 327 U.S. 161, 167 (1946); *Price v. Gurney*, 324 U.S. 100(1945). Furthermore, it is also well established that the corporation is named as a defendant even though any judgment obtained will run in its favor. 327 U.S. at 167; *Ryan v. Cosentino*, 793 F.Supp. 822 (N.D.Ill. 1992). Because the Amended Complaint purports to be brought derivatively on behalf of GIZMO CO., and because GIZMO CO. is not named as a party defendant, the Amended Complaint must be dismissed for failing to join a necessary party.

### CONCLUSION

For the foregoing reasons, Defendant, HEATHER MACLEAN, respectfully requests that this Court enter an Order dismissing the Amended Complaint in its entirety.

Dated: July 29, 2008                                HEATHER MACLEAN,


                                                    By:   /s/ Sara L. Spitler
                                                          One of Her Attorneys
Goldstine, Skrodzki, Russian,
  Nemec and Hoff, Ltd.
Richard J. Nogal
Sara L. Spitler
Attorneys for MACLEAN
835 McClintock Drive
Burr Ridge, Illinois 60527
(630)655-6000