106-8008	BEC:pah	#6255803

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLLIE SCHULTZ, both individually and derivatively on behalf of BABY GIZMO COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>HEATHER MacLEAN and THOMAS NELSON, INC.<br><br>Defendants. | Case No.: 08cv2061 |

## THOMAS NELSON, INC.'S MOTION FOR PROTECTIVE ORDER

Defendant THOMAS NELSON, INC., by and through its attorney **Bryan E. Curry of BULLARO & CARTON, P.C.**, states as follows for its Motion for Protective Order Pursuant to Rule 26(c)(7) of the federal rules of Civil Procedure:

1. Plaintiff, HOLLIE SCHULTZ ("SCHULTZ"), has filed the instant lawsuit against HEATHER MacLEAN ("MacLEAN" and THOMAS NELSON, INC. ("THOMAS NELSON") alleging various causes of action related to her claim of authorship to a specific book which THOMAS NELSON has published.

2. Certain of the relevant documents to this lawsuit that are discoverable under Rule 26(a)(1) and/or Rule 34 would require THOMAS NELSON to disclose trade secret or other confidential commercial information relative to its agreement with co-Defendant, MacLEAN, for royalties and other compensation relative to the publication of the subject book.

1

3.      The contract between MacLEAN and THOMAS NELSON was negotiated in confidence and the royalty rates and other compensation terms at issue are part of THOMAS NELSON's trade secrets and competitive advantage vis-à-vis other publication companies.

4.      Accordingly, THOMAS NELSON requests that the Court enter an appropriate protective order limiting the dissemination and/or use of any disclosed confidential materials, specifically any contracts between MacLEAN and THOMAS NELSON, and any financial records detailing advances or royalty payments made by THOMAS NELSON to MacLEAN.

5.      A proposed protective order is attached hereto as Exhibit A.

WHEREFORE, THOMAS NELSON, INC. respectfully requests that this Honorable Court enter a protective order pursuant to Rule 26(f)(7) limiting the dissemination and use of certain discoverable documents and information that is confidential and proprietary to THOMAS NELSON, INC.

Respectfully submitted,

**THOMAS NELSON, INC.**

By: /s/ Bryan E. Curry
          Bryan E. Curry
          Its Attorney

Bryan E. Curry (ARDC #6255803)
BULLARO & CARTON, P.C.
200 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
Phone:   (312) 831-1000
Fax:        (312) 831-0647
bcurry@bullarocarton.com

106-8008                                                      BEC:pah                                                    #6255803

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLLIE SCHULTZ, both individually and derivatively on behalf of BABY GIZMO COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | Case No.: 08cv2061 ) ) |
| HEATHER MacLEAN and THOMAS NELSON, INC. | ) ) ) ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

WHEREAS, documents and information may be exchanged, produced or exhibited by and among the parties to this litigation which relate to certain parties' financial status, employment status, business plans, trade secrets, product designs, manufacturing processes and methods, the employment and consultant status of persons who are not parties to this litigation, and other confidential, highly sensitive, or personnel information; and

WHEREAS, the Court finds that there is good cause to enter a protective order to protect the privacy of the parties and preserve the confidentiality of certain documents produced by the parties:

IT IS HEREBY ORDERED THAT:

1.  This Protective Order applies to all documents and information, produced or disclosed during this litigation and designated "Confidential Information" in accordance with the procedures set forth herein.

2.  For the purpose of this Protective Order, "Confidential Information" means

documents or other tangible materials, data and deposition testimony that contain or embody trade secrets, proprietary, commercial, financial or otherwise confidential information, which, if disclosed, would reveal or affect the competitive or privacy posture of either party. "Confidential Information" does not include information that has been disclosed in the public domain.

3. Documents and other materials may be designated as Confidential Information by stamping "Confidential" on each page prior to production.

4. The designation "Confidential" shall be made only on information or testimony which the producing or disclosing party in good faith believes is described in paragraph two of this Protective Order. The provisions of this Protective Order are not intended to, nor do they, affect or alter any burden(s) of proof imposed by law regarding the designation of documents or other information as Confidential.

5. If a party objects to the designation of information or documents as "Confidential Information" under this Protective Order, the objecting party shall so notify the designating party in writing (which, in the case of a deposition, may occur after receipt of a transcript of the deposition). The notice shall identify the challenged designation, and shall state the reason or reasons for the objection. The parties shall attempt to resolve any disagreements in good faith. The designating party shall respond to any objection within three (3) business days of its receipt, or such period as may be agreed to by counsel. If the designating party does not agree to reclassify the information, and the objection cannot be resolved by agreement, either party may file a motion with the Court to determine the propriety of the designation. The designation of the information as Confidential shall be maintained until a final determination regarding the designation has been made by this Court.

6. Confidential Information may only be disclosed to the following persons:

(a) The Judge and his assistants and supporting personnel, including mediators, or officers of any appellate court to which any appeal may be taken or in which review is sought;

(b) Counsel who have appeared of record for any party in this case and have signed this Protective Order, and partners, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel, or who are hired as temporary employees and are actively engaged in assisting such counsel with respect to this litigation;

(c) Parties to this litigation, and their employees, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

(d) Any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation;

(e) Any person, including experts and consultants, expressly employed or retained by counsel or a by party to this litigation to whom it is necessary to disclose Confidential Information for the purpose of prosecuting or defending this litigation; and

(f) Persons in the course of their deposition or trial testimony, and such persons shall be bound by the terms of this Protective order, provided that counsel for he party that is disclosing the Confidential Information to the deponent shall provide a copy of this Protective Order to the deponent during the deposition and prior to the disclosure of such Confidential Information.

This Protective Order shall not be deemed or construed to prohibit a party, person or entity from disclosing its own Confidential Information, nor shall this Protective Order be deemed or construed to prohibit a party, person, or entity, from disclosing Confidential Information that was obtained independently from the discovery process or trial in this lawsuit, or from non-confidential sources that do not designate the information as confidential.

7. Any person or entity to whom Confidential Information is disclosed in

accordance with this Protective Order may use that Confidential Information solely in connection with the prosecution or defense of this litigation, and shall not disclose such Confidential Information to any other person or entity (except as permitted by the Protective Order) or use such information for any other purpose in violation of the terms of this Protective Order.

8. Any person or entity to whom Confidential Information is disclosed, shall state his or her consent in writing (in the form of an Undertaking, attached as Exhibit A) to be bound by the terms of this Protective Order, subject to any further order this Court may enter.

9. Any person in possession of materials marked Confidential shall exercise reasonable and appropriate care with regard to the storage, custody or use of such materials to ensure that their confidential nature is maintained.

10. If any Confidential Information is filled with this Court, it shall be filed under seal and identified using the caption to this action, a general description of the sealed contents and a statement that the "contents hereof are confidential and may be revealed only by Court order or upon prior written consent of all counsel for all parties to the Protective Order." The Clerk of the Court shall maintain such sealed materials intact and unopened except as otherwise directed by the Court. Any Confidential Information which is quote, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix or other judicial filing shall be submitted under seal. Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information shall be subject to the terms of this Protective Order, and if the transcript is

filed with the Court, shall be filed under seal. No Confidential Information shall be included in whole or in part in pleadings, motions, briefs, exhibits, memoranda or other papers filed in court, except as provided in this Paragraph.

11. If, during the course of a deposition, counsel for any party asks questions regarding Confidential Information, counsel may designate that portion of the deposition as "CONFIDENTIAL" by so indicating on the record, and the deposition transcript shall be visibly marked on the cover page by the report as follows:

"CONFIDENTIAL AND RESTRICTED
SUBJECT TO PROTECTIVE ORDER IN
CASE 08-CV-2061"

Alternatively, within 20 days of receipt of the deposition transcript, counsel for any party may designate, by letter to all counsel and the deposition reporter, any portion of the deposition transcript as "CONFIDENTIAL" under the terms of this Protective Order, and a copy of the letter shall be attached by the reporter anda ll counsel to the cover page of all deposition transcripts. Any confidentiality under the terms of this Protective Order is waived as to any portion of the deposition transcript which is not designated as "CONFIDENTIAL" within this 20-day period, Nules otherwise agreed by the parties or ordered by the Court. This paragraph shall not be deemed or construed to authorize disclosure of any Confidential Information to any person to whom disclosure is otherwise prohibited under this Protective Order.

12. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

13. The inadvertent or unintentional disclosure by the producing party of

Confidential Information, either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in party of a party's claim to confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed Confidential Information not designed as such pursuant to paragraph two shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing party become aware of the inadvertent or unintentional disclosure.

14. Upon the conclusion of this litigation, including all appeals, any recipient of all Confidential Information, upon written request of the disclosing party, shall deliver all Confidential Information, including any and all copies thereof and all documents incorporating or referring to such information to counsel for the party who produced or disclosed the information. However, counsel may retain their attorney work product even though it contains Confidential Information, but such retained work product shall remain subject to the terms of this Protective Order, and counsel may retain a summary of the documents counsel is returning to the producing party (so long as the summary is shown to the producing party's counsel and agreement is reached regarding the summary or, if no agreement is reached between the parties, approved by the Court). Alternatively, documents may be destroyed and such destruction shall be confirmed in writing. Counsel of record need not destroy Confidential Information incorporated in work product or pleadings retained by such counsel, subject to the terms of this Protective order. The time for the return of the documents shall be within thirty (3) days of the

approval of the summaries by the parties or the Court.

15.   In the event that counsel for any party receives a demand or request to produce or disclose Confidential Information or is informed that a demand or request for Confidential Information has been made to any recipient of Confidential Information under the terms of this Protective Order by any government agency or in connection with another lawsuit, counsel shall, within five (5) business days after receipt of such demand or request or upon being informed of each demand or request, (i) send written notice to all counsel of the identity of the person or entity making the demand or request and the recipient of the demand or request; (ii) the nature of the material requested or demanded; (iii) and the date on which the Confidential Information is to be produced or disclosed. The request or demand, by it in the form of subpoena, letter or otherwise, shall be attached to the letter.

16.   In the event of a proven violation of this Protective Order by any of the parties in this action or permitted recipients of Confidential Information, the offending party understands that it may, in the discretion of the Court, suffer the imposition of such sanctions as the Court deems appropriate.

17.   This Protective Order is binding on the parties immediately upon execution. Entry of this Protective Order by the Court is not a precondition to the enforceability of the terms set forth above.

18.   This Protective Order may only be amended or modified by written agreement of the parties hereto, or by order of this Court.

19.   This Protective Order shall survive the termination of this litigation.

IT IS SO ORDERED:

Dated:_____          By:_____
                                       MAGISTRATE JUDGE LEINENWEBER

106-8008	BEC:pah	#6255803

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HOLLIE SCHULTZ, both individually and derivatively on behalf of BABY GIZMO COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>HEATHER MacLEAN and THOMAS NELSON, INC.<br><br>Defendants. | Case No.: 08cv2061 |

### UNDERTAKING TO ABIDE BY PROTECTIVE ORDER

I, _____ hereby acknowledge that I have read the Protective Order entered on _____, 2008, in connection with the above-captioned lawsuit.

The undersigned further acknowledges that s/he fully understands the provisions of the Protective order, agrees to be bound by those provisions and has been apprised of the penalties attendant upon a violation of any of said provisions, including the possibility of being held in contempt of Court.

_____

Dated:_____

1

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused the **THOMAS NELSON, INC.'S MOTION FOR PROTECTIVE ORDER** be filed with the Clerk of Court for the United States District Court for the Northern District of Illinois via the CM/ECF electronic filing system, and the undersigned further certifies that the same was served electronically upon Richard J. Nogal (rnogal@gsmh.com), and David Fish (dfish@fishlawfirm.com), Plaintiff's Lead Counsel/Counsel to be Noticed, in accordance with Rule 5 of the Federal Rules of Civil Procedure.


    /s/ Bryan E. Curry
        Bryan E. Curry


John J. Bullaro, Jr., Esq.
Bryan E. Curry, Esq.
**BULLARO & CARTON, P.C.**
200 N. LaSalle Street
Suite 2500
Chicago, Illinois 60601
Phone: (312) 831-1000
Fax: (312) 831-0647
jbullaro@bullarocarton.com
bcurry@bullarocarton.com